UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TRUMAN L. PARKER** | \* | **DOCKET NO.  06-0509** |
| **VERSUS** | \* | **JUDGE HICKS** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | \* | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

### Background & Procedural History

On June 3, 2003, Truman L. Parker filed the instant application for Disability Insurance Benefits. (Tr. 46-48). He alleged disability since April 22, 2003, due to arthritis in his right foot and leg. (Tr. 46, 52). The claim was denied at the initial stage of the administrative process. (Tr. 27, 36-39). Thereafter, Parker requested, and received a September 29, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 116-150). However, in an October 29, 2004, written decision, the ALJ determined that Parker was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 10-20). Parker appealed the adverse decision to the Appeals Council. On February 10, 2006, the Appeals Council denied his request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-

5).

On March 27, 2006, Parker sought review before this court. He alleges the following errors:

(1)	the Commissioner's decision is not supported by substantial evidence; and

(2)	the Commissioner failed to determine that there are jobs available in significant numbers in the economy that plaintiff could perform and maintain.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

2

## **Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

3

> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Parker had a severe impairment of "congenital deformity of right foot with arthritis in foot." (Tr. 15, 19). However, the ALJ concluded that the impairment was not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*.

The ALJ next determined that Parker retained a residual functional capacity to "lift/carry 10 pounds frequently and 20 pounds occasionally; sit for six hours out of an eight-hour workday; stand/walk for two hours out of an eight-hour workday; occasionally stoop, balance, crouch, crawl, kneel and climb and occasionally use the right lower extremity to operate foot controls." (Tr. 17, 19). Plaintiff challenges the ALJ's residual functional capacity determination.

Parker's primary argument is that the Appeals Council erroneously concluded that two

consultative examinations conducted between three to five months after the ALJ's decision were not material to his condition during the relevant period. Plaintiff contends that had these consultative reports been considered, he would have been found disabled.[1] Plaintiff's argument necessarily implicates the sufficiency of the ALJ's residual functional capacity assessment ("RFC").

At the outset, the court observes that the record before the ALJ contained no medical assessments of the limitations caused by plaintiff's impairments.[2] However, the record did contain an April 16, 2004, evaluation by licensed rehabilitation counselor, Richard H. Galloway, M.S.W., Ph.D. (Tr. 82-86). Dr. Galloway observed that although there were no definitive vocational restrictions, the only work that Parker could possibly perform would be at the sedentary level. *Id*. Galloway stated that Parker needed to be seen for a complete orthopedic evaluation and a functional capacity evaluation. *Id*.

In his decision, the ALJ afforded Dr. Galloway's report the weight of a non-examining physician. (Tr. 17). He then summarily concluded that Dr. Galloway's opinion was inconsistent with the totality of the record, and proceeded to independently assess plaintiff's residual functional capacity. *Id*. However, even if the ALJ properly discounted Dr. Galloway's opinion, the record remained otherwise devoid of an assessment of plaintiff's limitations by a medical

---

[1] Indeed, the consultative examinations apparently formed the basis for a subsequent disability award with an onset date of October 30, 2004, – the day following the instant ALJ's denial. (*See*, Tr. 3).

[2] The Commissioner argues that the ALJ's residual functional capacity assessment is supported by the findings of a state agency "medical consultant." (Def. Memo., pg. 4). Under the regulations, a "medical consultant" is a physician. *See*, 20 C.F.R. 404.1527(f)(2)(i). Here, however, the referenced assessment was completed by a disability examiner, with no indication that she was a physician. (*See*, Tr. 27-35). Accordingly, her assessment is accorded no significant weight.

source. In the absence of a valid medical assessment or other corroborating evidence, the ALJ's residual functional capacity assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995)(substantial evidence lacking where: no medical assessment of claimant's RFC, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpublished)(in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).[3]

Though not raised by plaintiff, the court further observes that under some circumstances, a consultative examination is required to develop a full and fair record. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987); 20 C.F.R. §404.1517. An ALJ need not order a consultative examination at government expense "unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989)(quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)). In this case, Dr. Galloway recommended that plaintiff be seen for a complete orthopedic evaluation. (Tr. 82-86).

To obtain reversal due to the ALJ's failure to adequately develop the record, the claimant must also demonstrate resulting prejudice. *Brock v. Chater*, 84 F.3d 726,728 (5th Cir. 1996). "To establish prejudice, a claimant must show that he could and would have adduced evidence

---

[3] Plaintiff's testimony at the hearing was inconsistent with the ALJ's RFC assessment. (Tr. 122-140).
   The Commissioner contends that the ALJ's assessment is supported because no physician stated that he was disabled. *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995). However, a physician's statement that a claimant is "disabled" or "unable to work" is not a medical opinion, and is not afforded any special significance. 20 C.F.R. § 404.1527(e); *see also, Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

that might have altered the result." *Id.* (Internal quotes omitted).

Parker adduced a February 17, 2005, evaluation by orthopedic surgeon, John P. Sandifer, M.D., and an April 2, 2005, examination report by James Day, M.D. (Pl. Exh.). Both physicians found that Parker's residual functional capacity was less than sedentary. *Id.* It is manifest that this evidence could have materially affected the outcome of the case.[4]

Furthermore, irrespective of the ALJ's failure to fully develop the record, the evaluations by Drs. Sandifer and Day form part of the record before the court so long as they are new, material, and related to the period prior to the ALJ's decision. *See, Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[5] There is no question that the evaluations were new and material. *See*, discussion, *supra*. The only issue is whether they were related to the period before the ALJ's decision.

The Appeals Council reviewed the consultative evaluations, but succinctly concluded that they did not affect the decision because they addressed a "later time." (Tr. 4). Had there been a prior assessment of plaintiff's limitations by a medical source, or other corroborating evidence to support the ALJ's decision, then there would have been at least some basis for the Appeals Council's determination; however, in this case there was not. Moreover, due to the relatively brief period between the ALJ's decision and the new evidence, and the lack of any apparent

---

[4] Under the Medical-Vocational Guidelines, Parker would be found disabled given his age, education, past work experience, and a residual functional capacity for sedentary work. *See*, Rule 201.14, 20 C.F.R. Pt. 404, Subpt. P, App. 2.

[5] *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record. *See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period. *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

deterioration in plaintiff's condition, the court is compelled to conclude that the evaluations are relevant to the time period at issue. Accordingly, the evaluations confirm that the ALJ's residual functional capacity is not supported by substantial evidence. *See*, discussion, *supra*.

Because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the ALJ's ultimate conclusion that plaintiff is not disabled is likewise not supported by substantial evidence.[6]

In lieu of reversal for further proceedings, plaintiff seeks a judgment awarding benefits. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence in favor of the commissioner was not substantial and the record clearly showed the claimant's right to benefits). Given the lack of any clear statement from the later examining physicians regarding onset of the claimant's disability, the instant record is not so disposed.

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

---

[6] The court need not reach plaintiff's remaining assignment of error.

8

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE